# RICHARD IJAMS Administrator of PLUMMER IJAMS *against* WILLIAM HOFFMAN.

An entry made by a person who was the clerk of the plaintiff, will not satisfy the requisitions of the 17th section of the statute of frauds.

An auctioneer, for the convenience of trade, has been recognized by courts of justice, as the agents of both vendor and vendee ; and written memoranda, by them, are regarded as sufficient to satisfy the statute.

The clerk of the auctioneer may become the agent of the purchaser, to write down his name, but cannot thereby bind him without his assent. But this assent may be inferred, where the clerk acts openly, and his action is acquiesced in by the company.

He is then constituted deputy by the whole room, and thereby the necessity is prevented of making, each person, the entry for himself.

Among the property offered for sale, were seventy acres of corn, in two fields, one of forty, the other of thirty acres. The defendant, (vendee,) insisted that the lot stated to be of forty acres, contained much less, and to prove it, offered in evidence a survey, according to which, it contained only

twenty-seven and three-fourths acres. This proof was properly admitted as evidence.

If, by the terms of the contract, the lot, whether more or less, was to be considered a forty acre lot, the defendant was not entitled to any abatement. The jury to judge of this.

THIS is an appeal from Frederick county court, in an action of assumpsit.

The action was brought by appellant, to recover $291.58½. The declaration contains three counts: 1st, articles properly chargeable in account, 2nd, for good, wares and merchandizes, 3rd, upon an account stated.

Pleas. 1st, non-assumpsit as to the account, except $225.50. 2nd, plea of tender of that sum.

The plaintiff took issue on the plea of non-assumpsit, accepted the sum tendered, and filed replication as to the residue, claiming over and above the sum tendered, and tendering an issue, which was accepted by the defendant.

The sum claimed in his bill of particulars, was $291.58, of that sum, one item for forty acres of corn, amounting to $264.

According to the survey spoken of by witness, there were but twenty-seven and three-fourths acres in the field of corn: the difference between forty and twenty-seven and three-fourths acres of corn, caused the controversy.

Verdict for the defendant. Six bills of exception were taken by the plaintiff.

*1st Exception.* States that the plaintiff proved by Grafton Duvall, that he was present at the sale of the property, and acted as the clerk of the plaintiff; that the several articles mentioned in the bill of particulars, were purchased by the defendant, at the prices therein set forth, and all of them, except the forty acres of corn, were delivered to him; the field was afterwards taken possession of by the defendant, who gathered the corn and converted it to his own use.

The defendant having first offered in evidence the advertisement offering said property for sale, and which, speaking of the corn to be sold, says, "seventy acres of corn in two

fields, one of forty, and the other of thirty acres, which bids
fair to be a good crop.    The witness, (Grafton Duvall,) in
answer to an enquiry by the defendant, stated, that at the
time of sale, he, as clerk, entered in a memorandum book of said
sale, the time of sale, the names of purchasers, and the prices
of the same thereto annexed.  Whereupon the defendant requir-
ed the same to be produced by the plaintiff, and objected to any
*parol* evidence of said sale, and the court ruled that parol
testimony could not be given thereof, and required said writ-
ing to be produced.    Plaintiff excepted.

*2nd Exception.*  The defendant proved, that in September
1850, the year after said corn was gathered, the field was
surveyed by one Singleton H. O'Neal, and it was ascertained
to contain twenty-seven and three-fourths acres, the plaintiff
had notice of the intended survey, but declined attending.

To the admissibility of this testimony, the plaintiff object-
ed, but it was admitted to go to the jury by the court, and
the plaintiff excepted.

*3rd Exception.*  The plaintiff next proved by said Grafton
Duvall, that when the corn was sold, it was *orally* published
and declared by the auctioneer, in the presence of the defend-
ant, that although called a forty acre field, the said field was
not sold as containing forty acres of corn, nor to be sur-
veyed in order to ascertain how many acres it contained :
that if there were more than forty acres, the purchaser was to
have the benefit of the surplus ; if less, no deduction to be
made.    And further, that if the aggregate amount was to be
ascertained, he would not have extended, as he did, $264, as
the amount of the purchase money for the same, but would
have waited until the number of acres was ascertained, and
then would have put down the sum as thus ascertained.

The defendant objected to this last evidence, and insisted
that the memorandum book contained the terms of sale, and
the testimony now offered would vary and change the terms.
The court sustained the objection, and plaintiff excepted.

*4th Exception.*  Because the court refused to instruct the
jury, that if they believed from the evidence before them,

that the defendant in 1849 gathered the corn, and converted it to his use, and made no objections to the quantity, and did not cause the survey to be made, until September 1850, and that the plaintiff did not participate therein, that then the plaintiff is entitled to recover the whole sum ($264,) charged in the book of sales.

The *5th Exception* taken by the plaintiff was for this : that the court at the instance of the defendant instructed the jury, that if they believe from the testimony, that the plaintiff sold to the defendant forty acres of corn growing, that the plaintiff cannot recover under the pleadings and evidences in this case, unless he shows delivery of forty acres of corn ; and that it is competent for the defendant to prove in mitigation of damages, that the said field of corn contains only twenty-seven and three-fourths acres of land, unless they find an excess over the sum of $226.50, tendered by defendant to plaintiff.

*6th Exception.* The defendant, upon the evidence in the several exceptions, prayed the court to instruct the jury, that the length of time which occured in this case, antecedent to the survey, can afford no evidence of a waiver of the defendant's right to an abatement, for a deficiency in the quantity, unless they shall further find that said defendant was aware of the deficiency during said period.

Prayers granted, and plaintiff excepted.

This case was argued before all the judges.

By *Palmer* for appellant, and *Ross* and *William M. Merrick*, for the appellee.

*Palmer* for the appellant.

The 1st 2nd and 3rd exceptions present the whole case. The court assumed, improperly, that the clerk was the agent of both parties. The memorandum is not signed by any body. Parol evidence is admissible, in cases of written agreements, to prove any collateral independent facts, about which the written agreement is silent. It does not contradict, vary or explain, the written instrument.

Ijams *vs.* Hoffman.

The written memorandum, made by Grafton Duvall, as clerk, is not such written evidence or agreement, as is meant by the law when it says that parol evidence cannot be offered to explain or vary it. *Stat. of Frauds, Roberts*, 471.

What is the authority that will enable the clerk to sign for both parties? *Paley on Agency*, 313. 28 *L. L.*, 134. 4 *Barn. and Adolp.*, 24, *C. L. R.*, 28. *Long on Sales*, 69, *(39 in margin) 1st Sugden on Vendors*, 133, 134, 135. 3 *Wend.*, 386.

If it be a memorandum, such as the statute requires, the defendant is bound for the forty acres.

1 *Green. Ev.*, sec. 276. 1 *Sugden on Vendors*, 151 *to* 161. 2 *W. Blk.*, 1249. 1 *Chit. Plead.*, 339. 5 *G. & J.*, 39. 1 *G.*, 90. 2 *H. & G.*, 295.

The opinion of the court, to be found in the 2nd and 3rd bill of exceptions, cannot both of them be correct, being in direct conflict with each other. If the defendant can give parol evidence to change the terms of the agreement, as to the quantity of acres of corn sold, to avoid paying for forty acres, most certainly the plaintiff ought to be permitted to give the same kind of evidence to repel the effect of the defendant's parol evidence.

*Ross* for appellee.

I maintain the following propositions, as applicable to the exceptions taken in the cause.

*1st Proposition.* That it is not upon the evidence, but upon the pleadings and evidence applicable to the pleadings, that a plaintiff is entitled to recover. *Turner vs. Walker, 3rd Gill and Johnson, p.* 388.

That in the action of *indebitatus assumpsit*, to recover under the count, for matters and articles properly chargeable in account, the plaintiff must show a sale and delivery of the articles charged, and the prices.

That under the count for goods, wares and merchandize, sold and delivered, the plaintiff, to recover, must prove the goods sold and delivered; and the recovery of value, is limited by the extent of value proved.

And that as a corollorary from this proposition, that the plaintiff in this cause, (this being a declaration in general *indebitatus assumpsit*,) cannot recover the value of forty acres of corn, where the proof is, that the field sold, only contained twenty-seven and three-fourths acres, and that as the sum tendered, and accepted, amount to the whole of the plaintiff's claim, except the difference between the price of twenty-seven and three-fourths acres of corn, and forty acres, that plaintiff could not recover under the counts in this declaration, the price of twelve and a half acres of corn, never by him delivered, and which he could not deliver.

The defendants contending, that the only remedy for plaintiff if he had any, was an action declaring in special *assumpsit*, on the contract.

*2nd Proposition.* The counsel for appellee maintain, that the sale of goods being made at auction, the sale was within the statute of frauds, and before the delivery took place, or some earnest paid, must have been in writing, signed by Hoffman, the party to be charged therewith, or his agent. 9 *Sergeant and Lowber*, 289. 4 *H. & J.*, 186.

That the evidence contained in the bill of exceptions shews, that a memorandum in writing, signed by the clerk, containing the terms of sale, the articles purchased, the price, and the name of the purchaser, was made at the time of sale; that such memorandum is a sufficient compliance with the statute of frauds, and that the clerk was a competent and lawful agent, as appears by the recognition of his authority, and by the authorities to be found in *Bird vs. Boulter*, 24 *Eng. Com. Law Rep.*, *p.* 97. *Frost vs. Hill*, 3 *Mudell*, 386.

*3rd Proposition.* That the memorandum of the sale being in writing, and the printed advertisements of sale being in evidence before the jury, that it was incompetent to contradict, vary, add to or explain, the written contract, and the printed terms and descriptions of the property, by the parol testimony of the auctioneer, clerk, or any other person.

The counsel for appellee refers to the following authorities to sustain this proposition : *Powell vs. Edwards*, 12 *East.*, 6.

*Gunnis vs. Erhart*, 1 *Henry Blackstone*, 289. *Higginson vs. Clous*, 15 *Ves.*, 521, 522. 1 *Sug. on Vendors*, top-*pag.*, 158, bottom-*pag.*, 221. *Stoddert vs. The Vestry of Port Tobacco Parish*, 2 *Gill and John.*, 227, &c. *Brain vs. Harden*, 12 *Sergeant and Lowber, p.* 24.

That as a necessary deduction from this principle, as settled by the authorities above cited, the testimony of Duvall, the clerk, was properly excluded.

See 1 *Greenlf. on Ev.*, secs. 82 and 87.

*The first bill of exceptions* presents the following points:

1st. The admissibility of the sale-book as primary evidence.

2nd. The admissibility of the testimony of the clerk, recognised in the bill of exceptions, as the authorised agents of the parties, to add to, vary or explain, the written memoranda of the parties.

The exception is based upon the ruling of the court, admitting the book of sales as competent testimony, and the exclusion of parol testimony.

Upon the first point, there certainly was no error in the instruction of the court. The book of sales, signed by the agent of the parties, containing the terms of sale, the articles purchased and the price, the name of the purchaser, is competent evidence of the facts it assumes to prove.

Such book of sales being competent evidence, the question arises, is it primary evidence, and therefore exclusive of secondary or parol testimony?

The authority found in 2 *Gill and John.*, 227, and in 1 *Greenlf. on Ev.*, secs. 82 and 87, seem to the counsel of the appellee, conclusive. See, also, 12 *Sergeant and Lowber, p.* 24. If the book of sales contain the contract, or evidence at all, it must be primary evidence, because in writing. The court must act upon the case as presented by the exception.

*The second exception.* The defendant offered to prove by Singleton O'Neal, a competent witness, that he had surveyed the field of corn sold by plaintiff to defendant, and described in the memorandum of sale and the printed advertisements of property, signed by plaintiff, as a field of corn containing

forty acres, and that said field contained but twenty-seven and three-fourths acres; and also proved by Charles Hoffman, that the plaintiff was notified of the time and place of making the survey, but did not attend, and that plaintiff afterwards obtained from O'Neal the courses and distances, and the quantity of acres in said field.

The plaintiff objects to the admissibility of this testimony on two grounds:

1st. Because defendant had bought the field as a forty acre field, and accepted the same by delivery.

2nd. Because plaintiff was not present at the time of measurement, though notice had been given to him.

The first objection proceeds on the ground, that the testimony was irrelevant to the issue.

The action in this case was in assumpsit, to recover the value of forty acres of corn, and other articles sold and delivered by plaintiff to defendant. It was not a special action of assumpsit, on the special agreement to take forty acres, and the plaintiff could only recover according to his proof: if the field did not contain forty acres, he could not deliver forty acres, and as his bill of particulars specified forty acres of corn growing, he must prove his case as laid.

Upon the count for goods, wares and merchandise, sold and delivered, he could not recover, because he had not delivered that quantity, and his recovery would have been limited in the present pleadings to the quantity the field contained.

It was necessary for the plaintiff himself to show the quantity of acres delivered. There certainly can be no objection to the defence introducing testimony to show, that the field contained but twenty-seven and three-fourths acres, instead of forty acres; nor is the evidence irrelevant, because it is of the essence of the issue under the pleadings in this cause, that the exact quantity of acres of corn should be established. In an action on the special agreement, this objection might be available.

The 2nd objection, because of the absence of the defendant at the time of the measurement of the land.

The quantity of the land was a fact as readily and as easily ascertained during the absence of defendant as in his presence: his presence could not vary the result of the survey. According to the theory of appellee's case, it was incumbent on the plaintiff to prove the quantity of acres sold under the pleadings in the cause. But the defence has shown by competent testimony, that the amount of acres mentioned in plaintiff's advertisement, and in the memorandum of sales, signed by the parties, did not exist. It was equally competent for the plaintiff to rebut that testimony, by shewing that the field did consist of forty acres, and not of twenty-seven and three-quarters acres. There was no surprise practised upon him, as he was notified of the fact by actual notice served by Charles Hoffman, and by pleadings in the cause, of the nature of the defence.

*The third bill of exceptions* presents the question embraced in the first bill of exceptions, as to the competency and admissibility of oral testimony, to add to, vary or explain, the written memorandum of the contract.

The auctioneer was not called to prove the variance of the terms of sale from the written contract. The clerk is called for the purpose of proving the declarations of the auctioneer, anterior to the signature of the contract.

The testimony of the clerk, as to the declarations of the auctioneer, was ruled to be inadmissible.

The counsel for appellee take two grounds of objection to the admissibility of this testimony.

1st. That if the testimony were admissible on any hypothesis, the auctioneer, himself, ought to have been called and examined, and evidence of the auctioneer's declarations could not be given in evidence by his clerk.

The second ground of objection is, (that if such testimony on the principle above stated, cannot now be impeached in the Court of Appeals,) that it tends to vary, add to and explain, the written memorandum of the contract, and is therefore not admissible.

The authorities to sustain this position, have been hereto-

fore quoted, and will be found in 12 *East, p.* 6.    1 *Henry Blackiston, p.* 289.    15 *Vesey,* 251, 522.    1 *Sugdon on Vendors,* top-*p.,* 158, *bottom-p.,* 221.    2 *Gill and Johnson,* 227, &c.    1 *Greenleaf on Evidence, secs.* 82, 87.    *Brain vs. Harden,* 12 *Sergeant and Lowber, p.* 24.

The first prayer of plaintiff presents the question of waiver, by the acceptance and conversion of the defendant of the growing field of corn.

The objection to this prayer is based on the well known distinction between the province of the court and jury.

The jury are competent to find the facts, and render their verdict according to the facts found.    But this prayer withdraws from the court the right to decide the question of law. The question of waiver is purely a question of law; and when the prayer seeks to obtain from the court the instruction to the jury, that if they find the facts stated in the prayer to be true, it is a waiver of all objection to the quantity of acres, the plaintiff invades the province of the court, and hence the prayer was properly rejected.

. The prayer is also vicious, upon the principal that it assumes facts to be before the jury, which were not properly in evidence in the cause.

It assumes the fact, that the parol evidence of the clerk, of the declarations of the auctioneer, varying the terms of the written contract, was legal evidence, and the prayer, if granted, would necessarily have conflicted with the ruling of the court in the several bills of exception, in admitting parol testimony to contradict, vary, explain and add to the written testimony; again, therefore, we have presented in another shape, the admissibility of the parol testimony of the declaration of the auctioneer, and the authorities heretofore cited, are applicable to this branch of the cause.

The prayer is also objectionable, because it does not present the whole case : it omits the important particular of the scienter by the appellee, of the deficiency in the quantity of acres contained in the field.

As has been heretofore urged, this in an action of *indebita-*

*tus assumpsit*, a case in which the party is limited in his re-
covery by the amount and value of goods actually delivered,
the question of waiver of the right to except to the contract,
on the ground that the land only contained twenty-seven and
three-fourths acres, instead of forty acres, cannot arise, is not
in issue, and therefore the prayer is obnoxious to the imputa-
tion of being hypothetical.

The instruction prayed by the counsel for appellee, and grant-
ed by the court, on the first prayer of the appellee, embraces
the right of recovery of the plaintiff, under the pleading and
evidence in the cause, beyond the amount tendered.

The action was *indebitatus assumpsit*, to recover for certain
property chargeable in account, amounting to $291.58¼;
among the items charged, was a field of corn growing, con-
taining forty acres, at $6.60 per acre, the aggregate price of
which field of corn as extended, was $264.

The defendant finding that the field of corn contained but
twenty-seven and three-fourths acres, tenders to the plaintiff,
before suit brought, $225.50, which sum embraced all the
items contained in the bill of particulars, and the price of
twenty-seven and three-fourths acres of corn, at $6.60 per
acre, with the interest thereon, to the day of tender, leaving
the difference between forty acres and twenty-seven and three-
fourth acres, the only subject of contention.

The defendant pleads *non-assumpsit*, except as to amount
of $225.50, tendered, and a tender as to that sum; the
plaintiff replies, accepting the sum tendered, joins issue on
plea of *non-assumpsit*, and replies an excess of sum due over
the sum tendered, upon which issue is joined.

The evidence in the cause shews, that in the advertisement
of sale, this field was represented to contain forty acres, that
in the contract, it was represented as containing that quanti-
ty, that upon an actual survey, it was found to contain only
twenty-seven and three-fourths acres.

The instruction called for and granted by the court, and to
which exceptions have been taken by plaintiff, are:

That in this action, under the pleadings and proof in the

55    v.1

cause, the plaintiff cannot recover the price of forty acres of corn, unless he shews a delivery of that quantity; and that the defendant can mitigate the damage, by shewing that the field only contained twenty-seven and three-fourths acres, instead of forty, unless the jury find an excess over the sum tendered.

It is difficult to conjecture the objection to this prayer, and to the instructions of the court.

· It is settled, conceded law, that the plaintiff in the general action of *indebitatus assumpsit*, for goods sold, can only recover to the extent of his proof, and as the proof here is expressed, that the field contained but twenty-seven and three-fourth acres, the recovery must be limited to that extent, and the plaintiff cannot recover for the excess, unless he had declared upon the special contract.

The last prayer and exception present the question of the scienter by defendant, of the quantity of land as necessary to constitute the fact of waiver.

The proposition is so clear, that a waiver cannot be presumed, unless the fact of knowledge is fixed upon the defendant, that it would be impossible to present a case more free from exception than the last prayer of the appellee, and the instruction. It is one of those truths so self-evident, that illustration or argument could not make it more clear.

No fact can be presumed, no inference can be deduced, unless a foundation is laid for such presumption or inference, and how could the jury find the waiver of Hoffman's right to an abatement, unless these facts were shown, that he had knowledge of the difference between the quantity sold, and the quantity of land in the field, which was found on actual measurement; and which facts, as the record shows, were not known to Hoffman, until by actual survey he ascertained the deficiency, and then demanded the abatement.

Ijams *vs.* Hoffman.

*Merrick* for the appellee.

It appears from the statement of facts that the
bill of particulars claim   -    -    -    -    $291 58
   The plaintiff accepted tender of -    -    -    225 50

Leaving only balance in dispute of   -    -    $66 08

Which sum being under the jurisdiction of the county
court, and within that of magistrates courts, (see act of
1835, ch. 201, sec. 4,) this court could not award a proceden-
do, even should they reverse the judgment.

Le Grand, C. J., delivered the opinion of the court.

The only question presented by the first exception in this
case is, was there such evidence of a memorandum in writing,
of the sale, as justified the requisitions of the 17th section of
the statute of frauds? We think there was not. The court
below in their ruling assume, as proved, what was not. The
plaintiff offered evidence, to show that the party who made
the memorandum, was present at the sale, "*acting as the
clerk of the plaintiff.*" There was not a particle of evidence
tending to show he was clerk to the auctioneer, or, that the
defendant had either directly or indirectly made him his agent,
or recognized him as such after the sale. But on its appear-
ing on a cross-examination of the witness, that he had made
a memorandum of the sale, the court held that the memoran-
dum made by him, as the clerk of the *plaintiff*, was proper
and sufficient evidence of the sale. In this the county court
was clearly in error. For the convenience of trade, the courts
have recognized the *auctioneer* as the agent of both parties,
and the making by him of a memorandum of sale, has been
held a sufficient compliance with the statute, to bind the pur-
chaser; but it has never been held, that the clerk of any other
person than the auctioneer, without the assent of the purcha-
ser, can bind him by any memorandum. The only case which
we have been able to find, having the slightest resemblance to
any such doctrine, is that of *Frost vs. Hill*, 3 *Wendall*, 386.
But that case was evidently decided on the ground, that the

purchaser had constituted the clerk of the vendor, his agent, by uniting with him in the marking and designating of the property, as that of the purchaser. This circumstance, together with the fact that the goods were paid for, was deemed sufficient evidence to establish the agency of the clerk. Without saying, whether we admit the authority of this case, even to the extent to which it goes, we are clearly of the opinion there was no evidence in the case before us, as presented on the first exception, which constituted the clerk of the plaintiff the agent of the defendant.

The clerk *to the auctioneer* may become the agent of the purchaser to write down his name, but this relation is established by the assent of the purchaser, and where it is not given, he has no authority to bind him. *Paley on Agency*, 316. 28*th Law Lib.*, 135. This assent will, however, be inferred, where the clerk acts *openly*, and his action is acquiesced in by the whole company present at the vendue. The doctrine and reason for it, is thus stated by Sir Edward Sugden, at page 134 of 1st vol. of his work on *Vendors and Purchasers:* "And an auctioneer's clerk, who takes down the biddings openly, is considered the agent of both the seller and purchaser. The clerk is *constituted deputy by the whole room*, and the purchasers, by their silence, when the hammer falls, give him their authority to execute the contract on their behalf, and this prevents the necessity of each purchaser coming to the table to make the entry for himself."

We are of opinion, that the memorandum was not such an one as is required by the statute, and that the court erred in deciding it such; and also, in refusing to allow the witness to give the evidence offered. The only office which the memorandum could perform, was, to refresh the recollection of the witness.

The dispute between the parties grows out of a difference of interpretation, as to the true character of the sale of a field of growing corn: the defendant contending that it was sold at so much per acre, and to be paid for according to the number of acres; whilst the plaintiff insists, that the lot was sold

for so much per acre, but the number of acres to be consider-
ed as forty; whether or not that number was included in the
lot.    To show that the lot did not contain forty acres, which
the defendant contends it was represented and sold as con-
taining, he offered evidence of a survey had of the lot after
the sale, by which it appeared, the area of the lot was but
twenty-seven and three-quarters acres.    To this testimony
the plaintiff objected, but the court admitted it, and it is this
ruling of the court which constitutes the plaintiff's second
exception.    We think the court acted properly in admitting
the testimony.    It had already been given in evidence, that
among other property offered for sale, were "seventy acres
of corn in two fields; one of forty acres, and the other thirty
acres."    It was certainly competent for the defendant to
show, that the lot did not contain the forty acres; and if there
were no other testimony but the advertisement, the establish-
ment of the fact of deficiency would entitle the defendant to a
corresponding abatement of the purchase money.

We do not concur with the county court in rejecting the
testimony contained in the plaintiff's third exception.    The
plaintiff offered, in effect, to prove that the lot of corn was
sold as containing forty acres; and that it was published at
the time of sale that it was to be so considered, whether it
contained more or less; if less, still to be paid for as con-
taining forty acres, and so if it contained a greater number of
acres.    If the defendant did make such a contract, (and
whether he did so, was a question for the jury,) he certainly
was not entitled to an abatement, and it was therefore compe-
tent for the plaintiff to show what contract he made, and
that he took possession of the corn, in pursuance of the con-
tract.

We concur with the court below, in its refusal to give the
instruction asked for, on behalf of the plaintiff.    The mere
fact of the defendant taking possession of the corn, cannot be
construed as a waiver of his right, to an abatement of the
amount of the purchase money.    There is no evidence in the
case, to show that he was aware at the time, the lot only

contained twenty-seven and three-fourths acres.   He was only apprised of this fact by the survey.   If he actually purchased forty acres, in justice and law, he was entitled to that quantity, and his going on the land in ignorance of its true quantity, cannot be construed as a waiver of his rights.   To constitute a waiver, he must have taken the property, with a knowledge of its true quantity, and accepted it as a fulfilment of the contract.   From what we have said in regard to the prayer contained in the fourth exception, it follows, we concur with the court below in its instruction, contained in the sixth exception.

The prayer of the defendant, contained in the fifth exception, is erroneous, and ought not to have been granted by the court.   It asserts two propositions, antagonistic to each other. It first denies all right of recovery, under the pleadings in the cause, if the lot did not contain forty acres, and then claims the right to abate a portion of the purchase money.   We, of course, hold, that the defendant was entitled to an abatement, if the lot did not contain forty acres, provided the jury should find, that he purchased that quantity; but we do not concur in the opinion, that if there was a less quantity, that there could be no recovery under the declaration in this case.   The defendant, in any view, was responsible for the quantity which he actually received.   If he purchased forty acres, he was not bound to receive a lesser quantity, but if he choose to do so, he is responsible for it.   We therefore reverse the county court on this exception.

*Judgment reversed and procedendo awarded.*